IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY WAYNE TUCKER, SR., | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3252 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent.* | § | |

# MEMORANDUM OPINION AND ORDER

Petitioner Larry Wayne Tucker, Sr., a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging a prison disciplinary conviction. Respondent filed a motion for summary judgment, and served petitioner a copy on March 9, 2010. (Docket Entry No. 6). Despite expiration of a reasonable time of nearly sixty days, petitioner has failed to respond, or request additional time to respond, to the motion.

Based on a careful review of the record, the motion, and the applicable law, the Court GRANTS the motion for summary judgment (Docket Entry No. 6) and DISMISSES this lawsuit for the reasons that follow.

*Background and Claims*

Petitioner reports in his petition that he received a disciplinary conviction on June 22, 2009, at the Estelle Unit in Huntsville, Texas. He was found guilty of "threatening to inflict harm on Officer Harley in that said offender slammed his ID onto the picket bars in front of

her, stuck his hand through the picket bars, pointed at her and said 'You better not even sneeze wrong!'" He was also found guilty of failing to obey Officer Harley's order to "put his shirt down." *Ex parte Tucker*, Disciplinary Hearing Records, p. 1. Petitioner was punished with loss of commissary privileges, cell restriction, reduction in class status, and loss of 100 days good time credit. *Id*. Respondent does not dispute petitioner's claim that he is eligible for mandatory supervised release.

Petitioner challenges the disciplinary conviction on the following grounds:

(1) denial of his due process right to call offender "Danny" and Officer Dimaggio as defense witnesses at the hearing;

(2) procedural error by the hearing officer's pausing the tape recorder during the hearing to deny petitioner's request for the witnesses;

(4) ineffective assistance of counsel substitute;

(5) insufficiency of the evidence to support the disciplinary conviction; and

(6) denial of access to law library or law books before and after the hearing.

Respondent argues that these claims are without merit, and that some are unexhausted and procedurally defaulted. Because petitioner's claims are without merit, the Court will address the claims without regard to exhaustion.

## *Analysis*

A. *Counsel Substitute*

Petitioner's claim for ineffective assistance of counsel substitute fails to state a cognizable federal habeas claim. As a prison inmate does not have a right to either appointed

2

or retained counsel at prison disciplinary hearings, there is no constitutional violation on which habeas relief could be granted on the basis of ineffective assistance of counsel substitute at a disciplinary hearing. *See Enriquez v. Mitchell*, 533 F.2d 275, 276 (5th Cir. 1976); *see also Choyce v. Cockrell*, 51 F. App'x 483 (5th Cir. 2002). Respondent is entitled to summary judgment dismissing this claim.

  B. *Denial of Defense Witnesses*

Petitioner claims that he was denied due process when the hearing officer refused to call offender Danny and Officer Dimaggio as witnesses at the hearing.

A prison disciplinary hearing is not part of criminal prosecution and, therefore, the "full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges; (2) a written statement by the factfinder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or correctional goals. *Id*. at 564-66. Petitioner's allegations within his pleadings, and the disciplinary hearing record submitted by respondent, evince that petitioner received the requisite notice and written results of the hearing. Petitioner claims only that his right to call witnesses was violated.

The right to call witnesses at a disciplinary hearing is not absolute. The disciplinary hearing officer may refuse to allow a witness to testify if that testimony would be irrelevant,

3

unnecessary, or hazardous to institutional safety and correctional goals. *Id.* at 566-70. In the instant case, petitioner complains that he was not allowed to present offender Danny and Officer Dimaggio as defense witnesses. Petitioner attached a statement of offender Danny as an exhibit to his petition.[1] (Docket Entry No. 1, p. 16.) The Court notes that offender Danny's proposed testimony is essentially the same as that submitted at the hearing by petitioner himself. *Ex parte Tucker*, Disciplinary Hearing Records, p. 7. Accordingly, the offender's proposed testimony was cumulative of petitioner's own statement and unnecessary, and no denial of due process is shown.

Nor does petitioner establish a denial of due process regarding the hearing officer's purported refusal to call Officer Dimaggio as a defense witness. According to petitioner's petition and grievances, Officer Harley had told Dimaggio to tell petitioner to "put his shirt down," and that Dimaggio herself had no problem with petitioner's raised shirt. Petitioner asserted that Officer Harley herself did not directly order petitioner to put his shirt down. However, this is the same evidence that petitioner himself presented through his statement at the hearing. *Ex parte Tucker*, Disciplinary Hearing Records, p. 7. Calling Dimaggio to testify in person at the hearing would have been cumulative of evidence already presented at the hearing and unnecessary, and no denial of due process is shown.

---

[1] Danny's statement was not sworn to under penalty of perjury, and does not constitute probative summary judgment evidence of the truth of the statements made therein. The Court further notes that the statement was signed *after* the disciplinary hearing, and could not have been offered at the hearing.

Nor would these two proposed witnesses have negated Officer Harley's testimony that petitioner threatened her. Petitioner was charged with, and found guilty of, pointing his finger at Officer Harley and telling her, "You better not even sneeze wrong." *Ex parte Tucker*, Disciplinary Hearing Records, p. 1. In their written statements, offender Danny and petitioner himself both agree that petitioner had told Officer Harley, "If you sneeze wrong I will write you up," which is not materially dissimilar to Officer Harley's testimony. Because petitioner admits to making the statement, no due process violation is shown by the hearing officer's purported refusal to call Danny and Dimaggio as witnesses.

C. *Pausing the Hearing Tape*

Petitioner next complains that the hearing officer committed procedural error by pausing the tape recorder during the hearing to deny petitioner's request for the witnesses. Petitioner asserts that, because of this procedural error, the hearing officer's denial of his request to call offender Danny and Dimaggio as witnesses does not appear in the hearing record.

Even assuming the veracity of petitioner's factual allegation, no due process violation is shown. Although the denial of petitioner's request for these witnesses may not appear in the record of the hearing itself, the Court has not relied on this absence in denying petitioner's claim. To the contrary, the Court has ruled that, because the proposed testimony of offender Danny and Officer Dimaggio was cumulative of evidence already before the

hearing officer and thus unnecessary, the hearing officer did not deprive petitioner of his due process rights under *Wolff* by not calling them as witnesses.

    D.    *Insufficient Evidence*

In challenging the evidence, petitioner complains that the hearing officer relied on Officer Harley's statement, even though "the other officer did not corroborate her statement." (Docket Entry No. 1, p. 7.) A disciplinary hearing officer has discretion to determine the credibility of witnesses. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The federal court is not required to examine the entire record, independently assess the credibility of witnesses, or weigh the evidence to determine whether there is sufficient evidence to support the factual findings of the disciplinary hearing officer. *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985). Rather. this Court will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Id.*; *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004). Here, petitioner acknowledges that Officer Harley's statement was against him. (Docket Entry No. 1, p. 8: "Insufficient evidence – because the only evidence use[d] against me was the officer's statement.") Accordingly, the statement of the charging officer constituted "some evidence" of petitioner's guilt for purposes of the disciplinary conviction, and habeas relief is unwarranted. *Hill*, 472 U.S. at 454.

    E.    *Limited Access to Law Library*

Petitioner's complaint that he was denied access to the law library or legal books for six days while in pre-hearing and post-hearing detention fails to raise a cognizable habeas

6

claim. Even assuming a properly-raised access to courts claim, petitioner fails to assert that he was constitutionally harmed by lack of library access during that time period. According to petitioner's grievance attached to his petition, his requested legal research related to two of his pending federal lawsuits, and not to the disciplinary proceeding. (Docket Entry No. 1, Exhibit.) In order to establish that prison officials denied him access to the courts, an inmate must demonstrate actual injury resulting from the denial; that is, he must show that his legal position was prejudiced or that he was prevented from raising a meritorious legal issue. *See Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988); *Ruiz v. United States*, 160 F.3d 273, 273 (5th Cir. 1998). Petitioner alleges no actual injury regarding the disciplinary hearing, and no grounds for habeas relief are presented.

### *Conclusion*

For these reasons, the motion for summary judgment (Docket Entry No. 6) is GRANTED and this case is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on May 10, 2010.

Gray H. Miller
United States District Judge